

FILED & JUDGMENT ENTERED
Christine F. Winchester

February 4 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **ANTOINETTE SABATER BRAINARD**, ) | Chapter 7 |
| ) | Case No. 22-30656 |
| Debtor. ) | |
| ) | |

### ORDER DENYING MOTION FOR A STAY PENDING APPEAL

**THIS MATTER** is before the court on the "Motion for a Stay Pending Appeal" ("Motion") filed by the pro se Debtor on December 18, 2024 and re-filed (with slight modifications but not titled as "Amended") on December 30, 2024. The Chapter 7 Trustee filed a Trustee's Objection to the Debtor's Motion for a Stay Pending Appeal ("Objection") on January 8, 2025, and the court held a hearing on the Motion on January 15, 2025. The Debtor, the Trustee, the Bankruptcy Administrator, and an attorney representing John and Sharon Hinds appeared at the hearing.

The Motion seeks a stay pending an appeal of "this Court Order dated October 29, 2024." The court did not enter an order in this case on October 29, 2024, but it did hold a hearing on and grant John & Sharon Hinds' Motion to

Convert Case, for Cause, to Chapter 7 on that date. The court subsequently memorialized its October 29 oral ruling by entering an Order Granting Motion of John and Sharon Hinds to Convert Case, for Cause, to Chapter 7 ("Order") on November 6, 2024. The Debtor noticed an appeal of the Order on November 19, 2024, so the court will treat the Motion as seeking a stay pending that appeal.

Federal Rule of Bankruptcy Procedure 8007 allows and governs motions that seek a stay pending the appeal of a bankruptcy court's order. The standard for granting a stay pending appeal is the same as the preliminary injunction standard. In re Franklin, No. 19-80661, 2020 WL 603900, at *2 (Bankr. M.D.N.C. Feb. 6, 2020) (citations omitted). An appellant must show "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." In re Hopeman Brothers, Inc., No. 24-32428, slip op. at 5 (Bankr. E.D. Va. Jan. 24, 2025) (quoting Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)). The appellant must show that each of the four prongs is met, id. (citation omitted), and the court will not attempt a balancing test among them, Franklin, 2020 WL 603900, at *3; CWCapital Asset Mgmt., LLC v. Burcam Cap. II, LLC, Nos. 13-CV-268, 13-CV-279, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010)). Even if the appellant establishes all of the requirements, the decision whether to approve the stay is within the discretion of the court. Hopeman

2

Brothers, slip op. at 5; see also Franklin, 2020 WL 603900, at *3 ("The decision whether to grant a stay pending appeal lies within the sound discretion of the court, and 'the burden on the movant seeking the extraordinary relief of a stay is a "heavy" one.' " (quoting In re Sabine Oil & Gas Corp., 551 B.R. 132, "143"[1] (Bankr. S.D.N.Y. 2016))).

The cursory Motion does not address any of the requirements for a stay other than irreparable injury, and all it says about irreparable injury is that "absent a Stay Defendant [sic] will suffer irreparable injury (lose [sic] of home)." The Debtor attached a "Memorandum of Authorities" to the Motion which does not include any authorities and instead repeats many of the factual arguments the Debtor made at the October 29 hearing. Like the Motion, the "Memorandum of Authorities" does not address the standard for a stay other than irreparable injury ("**If you do not grant me the Motion of Stay, the Chapter 7 conversion, to force sale of my home, will move forward and I and my grandchildren will be in the street.**"). At the January 15 hearing, prompted by the Trustee's Objection, the Debtor attempted to address all four requirements. While she tried to organize her argument as applying to the standard, however, she spent most of her time rearguing the facts relevant to the Order and airing a variety of grievances against the court, the individuals involved in this case (including her former attorney), and the local bankruptcy bar.

The Debtor did not establish a likelihood of success on the merits. Deciding whether to convert a case to a different chapter is within the discretion of the court,

---

[1] The quotation is actually from page 142 of the reporter.

3

In re Fraidin, 110 F.3d 59, at *2 (4th Cir. 1997) (unpublished table decision) (finding no abuse of discretion in a conversion from Chapter 11 to Chapter 7), and the court determined that a conversion to Chapter 7 was in the best interest of the Debtor's creditors and her estate pursuant to section 1307(c), see In re McKenzie, No. 23-02764-5, 2024 WL 4579181, at *4 (Bankr. E.D.N.C. Oct. 24, 2024) ("Converting this chapter 13 case to one under chapter 7 per the Conversion Order was and remains in the best interest of creditors and the estate."). The Order thoroughly explains why the Debtor's lack of good faith required conversion, and the Debtor did not advance any cogent argument suggesting the court abused its discretion. Instead, the Debtor's arguments about her likelihood of success on appeal were that unlikelihood of success did not mean she would definitely lose on appeal and that she was only unsuccessful in this court because she did not have an attorney. Neither argument suggests a likelihood of success on appeal. The first is true but does not help the Debtor's position. As for the second, the Debtor is still unrepresented, and there is no reason to believe she will be more successful litigating pro se in the district court than she was in the bankruptcy court.

    The Debtor made her best case for establishing one of the four requirements regarding irreparable injury, as there is a strong likelihood that the Chapter 7 Trustee will liquidate her real property post-conversion, and the court could certainly conclude that the loss of real property constituted irreparable harm in certain contexts. Nevertheless, if the probability of the loss of real property was sufficient for a stay pending appeal, all orders granting relief from stay in relation to real property would be stayed for as long as it took to complete appeals, and the

4

court's ability to efficiently administer the cases before it would be lost. In addition, the Trustee pointed out that the Debtor would likely lose her property even if she stayed in Chapter 13 and a sale through her bankruptcy estate may be a better option for her. The Debtor's mortgagee filed a Motion for Relief from Automatic Stay on December 11, 2024 that indicates the account is $36,132.41 in arrears for the payments from June 2022 through November 2024.[2] If this case remained in Chapter 13, the mortgagee would likely be entitled to relief from stay to proceed with a foreclosure given the significant arrearage and the Debtor's inability to catch up. If the property is sold in Chapter 7, the Trustee will pay the Debtor's $35,000 homestead exemption, which would not happen in a foreclosure. The irreparable harm alleged by the Debtor appears to be nearly inevitable whether the Debtor is in Chapter 7 or Chapter 13 (or outside bankruptcy), and a bankruptcy sale would be more beneficial to the Debtor than the other possibilities.

The Debtor did not show that other parties would not be harmed by a stay. Instead, she argued that each (factual) argument in her appeal went to the Order's abuse of discretion. The Hinds filed their motion seeking the conversion of this case on February 12, 2024, and the motion was not heard until the end of October. Much of the delay was at the request of the Debtor (including so she could obtain new counsel, which she never did). A stay of the Order would lead to further delay of the Hinds' attempts to be made whole.

The Debtor did not make a meaningful argument about the public interest

---

[2] The mortgagee filed a Withdrawal of Motion for Relief from Automatic Stay Without Prejudice on January 14, 2025, probably because the Chapter 7 Trustee is planning to administer the property.

prong.  To counter the Trustee's argument that the public interest is in the vindication of court orders, the Debtor said efficiency was not best if it was not accurate.  The court accepts the Debtor's point but not its application to this situation, where the court considered the "accuracy" of the Order in connection with the Debtor's likelihood of success (or the lack thereof).

Accordingly, the Motion is hereby **DENIED**.[3]

**SO ORDERED**.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

---

[3] Prior to filing the two versions of the Motion on December 18 and 30, the Debtor filed a "Debtor's Verified Motion to Extend Automatic Stay" ("Stay Extension Motion") on December 13, 2024.  To date, the Debtor has not noticed the Stay Extension Motion for hearing.  While the title of the Stay Extension Motion references different relief, the court believes it is an early version of the Motion based on its contents.  Accordingly, the court hereby **DENIES** the Stay Extension Motion for the same reasons it denies the Motion.